MENTOR H/S, INC. (now known as Mentor Texas Inc.), Plaintiff–Appellant,

v.

MEDICAL DEVICE ALLIANCE, INC., Lysonix, Inc. and Misonix, Inc., Defendants–Appellees/Cross–Appellants.

Nos. 99–1532, 00–1165.

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Frank E. Scherkenbach, Fish & Richardson, P.C., of Menlo Park, CA, argued for plaintiff-appellant. Of counsel on the brief were Robert E. Hillman, Fish & Richardson, P.C., of Boston, MA; and Richard J. Anderson, and John A. Dragseth, Fish & Richardson, P.C., P.A., of Minneapolis, MN.

Matthew D. Powers, Weil, Gotshal & Manges LLP, of Menlo Park, CA, argued for defendants-cross appellants. With him on the brief were Steven S. Cherensky, Christopher J. Cox, and Nancy K. Raber.

Before MAYER, Chief Judge, LOURIE, and SCHALL, Circuit Judges.

*ORDER*

PER CURIAM.

The court, on its own motion, determines as follows:

This case comes to us on appeal from the decisions of the United States District Court for the Central District of California, following a jury trial, on the infringement, validity, and enforceability of U.S. Patent No. 4,886,491 (the "'491 patent"). *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, No. CV 97–2431–WDK (C.D. Cal. June 10, 1999) (granting certain of defendants' motions for JMOL); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, No. CV 97–2431–WDK (C.D.Cal. Nov. 19, 1999) (conditionally granting certain of defendants' motions for a new trial). In an order issued December 20, 2000, we invited the parties to submit supplemental briefs on the issue of whether Mentor H/S, Inc. ("Mentor") had standing to bring suit without joining Sonique Surgical Systems, Inc. ("Sonique"), the apparent legal owner of the patent. *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, Nos. 99–1532, 00–1165 (Fed.Cir. Dec. 20, 2000). Prior to our order, neither Mentor nor defendants-appellees, Medical Device Alliance, Inc., Lysonix, Inc., and Misonix, Inc. (collectively, "Medical Device"), had raised the standing issue, either before us or in the district court. The court, having considered the submissions of the parties, determines that Mentor did not have standing to bring the patent infringement suit without joining the patent owner.

 Only a "patentee" can bring an action for patent infringement. 35 U.S.C. § 281 (1994); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483, 45 USPQ2d 1633, 1635 (Fed.Cir.1998). The term "patentee" is defined as including "not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d)(1994). However, we have permitted an exclusive licensee to bring suit in its own name if the exclusive licensee holds "all substantial rights" in the patent. *Textile Prods.*, 134 F.3d at 1484, 45 USPQ2d at 1635; *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875, 20 USPQ2d 1045, 1048–49 (Fed.Cir.1991). Under such circumstances, the licensee is, in effect, an assignee and, therefore, a "patentee" within the meaning of § 281. *Textile Prods.*, 134 F.3d at 1484, 45 USPQ2d at 1635; *Vaupel*, 944 F.2d at 874–75, 20 USPQ2d at 1048. Ordinarily, "[a]n exclusive licensee that does not have all substantial rights has standing to sue third parties only as a co-plaintiff with the patentee." *Textile Prods.*, 134 F.3d at 1484, 45 USPQ2d at 1635. "Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances 'as where the patentee is the infringer, and cannot sue himself.'" *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030, 34 USPQ2d 1444, 1446 (Fed.Cir.1995) (quoting *Waterman v. Mackenzie*, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891)).

 To determine whether an agreement constitutes just an exclusive license or instead also transfers "all substantial rights" in a patent, we must ascertain the intention of the parties and examine the substance of what was granted by the agreement. *Vaupel*, 944 F.2d at 874, 20 USPQ2d at 1048. The party asserting that it has all substantial rights in the patent "must produce ... written instrument[s] documenting the transfer of proprietary rights." *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250, 53 USPQ2d 1984, 1986 (Fed.Cir.2000) (citing 35 U.S.C. § 256 (1994), which provides for the assignment of patents "by an instrument in writing"). Mentor has submitted several documents which are alleged to establish its rights in the '491 patent: the "Exclusive Evaluation and Distribution Agreement" made April 19, 1994, between Sonique and Mentor; the "Exclusive Distribution Agreement" made April 19, 1994, between Sonique and Mentor; the "Exclusive International Distribution

Agreement" made April 19, 1994, between Sonique and Mentor; and the "Addendum to Exclusive Distribution Agreement (United States), Exclusive International Distribution Agreement and Exclusive Evaluation and Distribution Agreement Modifying and Being a Part of the Foregoing Agreements Executed by the Parties on April 19, 1994," entered into on March 15, 1995, by Mentor and Sonique. Having reviewed these documents and the parties' arguments regarding their effect, we conclude that Mentor is an exclusive licensee who does not have all substantial rights in the '491 patent and that, therefore, Mentor is not a "patentee" with standing to sue in its own name.

Sonique has retained significant ownership rights in the '491 patent. Sonique can develop and manufacture products (for sale only to Mentor) and supervise and control Mentor's product development. Sonique also is obliged to pay the maintenance fees for the patent. Finally, and most importantly, Sonique has the first obligation to sue parties for infringement; failure to take appropriate action against infringers would constitute a breach of the agreement. Mentor only can sue for infringement in the event Sonique fails to do so. In *Vaupel*, the grant of the right to sue for infringement, subject only to the obligation to inform the patentee, was particularly dispositive of our conclusion that Vaupel was an exclusive licensee with all substantial rights in the patent and could bring suit in its own name. *Vaupel*, 944 F.2d at 875, 20 USPQ2d at 1049. Here, in light of Sonique's substantial retained rights, particularly its initial right and obligation to sue for infringement, we conclude that Mentor did not receive all substantial rights in the patent. We also note that, although the documents assert that Sonique is the owner of the '491 patent, and we have seen no evidence to the contrary, it does not appear that Mentor has made of record the documents transferring title to the patent from the inventors, in whose name the patent issued, to Sonique, from whom Mentor's rights are derived.

Mentor argues that it satisfies the constitutional requirements for standing, and that defendants have waived any other issues regarding its standing by failing to raise them in the district court. Mentor argues further that because the non-constitutional issues regarding its standing are "prudential" in nature, we lack jurisdiction to consider them for the first time on appeal. While we agree that Mentor, as an exclusive licensee, satisfies the constitutional requirements for standing, *see Prima Tek II v. A–Roo Co.*, 222 F.3d 1372, 1377, 55 USPQ2d 1742, 1746 (Fed.Cir. 2000) (stating that the general rule that the patentee should be joined in any infringement action is not constitutional), we do not agree that the issues surrounding its ability to sue in its own name are waivable or are beyond our jurisdiction as an appellate court.

■ Standing to bring a patent infringement suit is circumscribed by 35 U.S.C. § 281, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1130, 33 USPQ2d 1771, 1773 (Fed.Cir.1995). Thus, the rule that an exclusive licensee who does not have all substantial rights in a patent must join the patent owner is derived from the statute that defines what parties have standing to sue for patent infringement. Under these circumstances, the issue of whether an exclusive licensee has sufficient rights in a patent to bring suit in its own name is jurisdictional and, therefore, is not waived by a party's failure to raise the issue in the district court. *See Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468, 46 S.Ct. 166, 70 L.Ed. 357 (1926) ("The presence of the owner of the patent as a party is indispensable ... to give jurisdiction under the patent laws...."); *Rite–Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551, 35 USPQ2d 1065, 1074 (Fed. Cir.1995) (stating that "[t]he question of standing to sue is a jurisdictional one").

Moreover, we are confident that it is within our jurisdiction as an appellate court to consider Mentor's standing to bring suit, even though the issue was not raised in the district court. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 837, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (approving of the appellate court's consideration of whether the statutory requirements for diversity jurisdiction were satisfied where the issue had not been raised in the district court); *Mullaney v. Anderson,* 342 U.S. 415, 416, 72 S.Ct. 428, 96 L.Ed. 458 (1952) (considering the plaintiff's standing to bring suit where the issue was not raised in either the district court or the Court of Appeals for the Ninth Circuit); *Cal. Credit Union League v. City of Anaheim,* 190 F.3d 997, 998 (9th Cir.1999) (considering, on remand from the Supreme Court, a motion to join a party-plaintiff to cure a jurisdictional defect).

In the alternative, Mentor urges us to effect Sonique's joinder on appeal. Medical Device has not had an opportunity to respond to that argument. Ordinarily, when the plaintiff who brought suit is found to lack standing, the suit is dismissed. *See, e.g., Textile Prods.,* 134 F.3d at 1485, 45 USPQ2d at 1636 (affirming the district court's dismissal of the plaintiff's patent infringement claims where the plaintiff was an exclusive licensee, but not an assignee, of the patent-in-suit). However, the Federal Rules of Civil Procedure permit courts to drop or add parties "at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. Although these rules "strictly apply only in the district courts," the Supreme Court has held that "appellate-level amendments to correct jurisdictional defects" are appropriate under rare circumstances. *Newman–Green,* 490 U.S. at 832, 836, 109 S.Ct. 2218 (holding that an appellate court has the authority to dismiss a dispensable non-diverse party to preserve diversity jurisdiction); *Mullaney,* 342 U.S. at 417, 72 S.Ct. 428 (granting a motion to add a party in view of the "special circumstances" before the Court). The appropriate way of bringing the joinder question before us is by motion. *See, e.g., Prima Tek II,* 222 F.3d at 1381–82, 55 USPQ2d at 1749 (considering plaintiffs-appellees post-appeal motion to join the patent owner as a party in order to correct standing and preserve jurisdiction).

IT IS ORDERED THAT:

(1) Mentor is invited to file a motion pursuant to Rule 21 of the Federal Rules of Civil Procedure to add Sonique as a party plaintiff, and a brief in support thereof of no more than ten pages in length. Mentor's motion and brief shall be filed within 14 days of this order.

(2) Medical Device is given 15 days from the filing of Mentor's motion and brief, if any, to file a response thereto of no more than ten pages in length.

(3) If the motion contemplated by paragraph (1) is not filed, Mentor's appeal will be dismissed.