**WAYMARK CORPORATION
and Caravello Family LP,
Plaintiffs–Appellants,**

v.

**PORTA SYSTEMS CORPORATION,
Defendant–Appellee.**

No. 00–1327.

United States Court of Appeals,
Federal Circuit.

Decided April 6, 2001.

Rehearing and Rehearing En Banc
Denied May 14, 2001.

Joseph J. Zito, of Damascus, Maryland, argued for plaintiffs-appellants. With him on the brief was Kendal M. Sheets.

Gerald T. Bodner, Hoffmann & Baron, LLP, of Syosset, New York, argued for defendant-appellee. With him on the brief were Charles R. Hoffmann, and Kevin E. McDermott.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

On a motion for summary judgment, the United States District Court for the Southern District of Florida determined that Porta Systems Corporation (Porta Systems) did not infringe Carvello Family LP and Waymark Corporation's (collectively, Waymark) U.S. Patent No. 5,705,929 ('929 patent). *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8545–Civ (S.D.Fla. Feb. 25, 2000) (Omnibus Order). Because the district court correctly granted summary judgment of noninfringement under 35 U.S.C. § 271(a) (1994 & Supp. IV 1998), but relied on an incorrect interpretation of § 271(f)(2) in reconsidering summary judgment, this court affirms-in-part, vacates-in-part, and remands.

## I.

The '929 patent claims a system and corresponding method for monitoring the capacity of batteries in a string. The system monitors the batteries and sounds an alarm if a battery is in danger of dipping below an acceptable capacity. The patent touts the invention as particularly suited for monitoring multiple strings of batteries remote from a central monitoring station. The inventors, including Ronald Caravello, filed the application that resulted in the '929 patent in 1995 and recorded an assignment to Fibercorp, Inc. The '929 patent issued in January 1998.

In 1996, Porta Systems began assisting Fibercorp in developing and marketing a battery monitoring system called the Battscan. However, Fibercorp did not license Porta Systems to manufacture or market the Battscan. In 1997, Fibercorp filed for bankruptcy. After Fibercorp's bankruptcy, Porta Systems continued to develop the Battscan system. Porta Systems tested some Battscan components in New York. Porta Systems also shipped components to Mexico where Porta Systems planned to build twenty Battscan systems.

Ellen Caravello purchased the rights to the Battscan technology, including the application for the '929 patent, from the bankruptcy trustee. On July 5, 1998, Ellen Caravello assigned the '929 patent to Caravello Family LP. Caravello Family LP and Waymark Corporation (the alleged exclusive licensee) filed this suit against Porta Systems one month later on August 5, 1998. Ellen Caravello is not a party to this suit.

After Waymark filed this suit in August 1998, Porta Systems ceased all work on the Battscan system and returned the developmental components from Mexico. Porta Systems never built a working Battscan system.

Porta Systems moved for summary judgment of noninfringement. The district court determined that Waymark only had the right to sue for infringement after July 5, 1998, the date that Ellen Carvello assigned the patent to Caravello Family LP. *Omnibus Order*, slip op. at 9. Waymark does not dispute this determination. The district court further determined that Waymark had not shown any disputed issues of material fact about infringement of the '929 patent because Porta Systems never made a complete system. Moreover Waymark based its infringement claim on a comparison of the '929 patent claims to a 1996 brochure that depicted Fibercorp's

system, not to Porta Systems' system itself. *Id.* at 12–15.

Waymark then petitioned the district court to reconsider its decision, asserting for the first time that Porta Systems infringed under § 271(f)(2). The district court apparently denied the Waymark's petition, but proceeded to address Waymark's § 271(f)(2) argument. *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8545 Civ, slip op. at 1–2 (S.D.Fla. Apr. 11, 2000) (Recons. Decision). Specifically, the district court found that Waymark's § 271(f)(2) argument lacked merit because Waymark did not produce evidence that Porta Systems made an infringing system either inside or outside the United States during the relevant time. *Id.* Waymark appeals the district court's summary judgment and its reconsideration decision. This court has jurisdiction under 28 U.S.C. § 1295(a)(1) (1994).

## II.

■ This court reviews a district courts grant of summary judgment without deference. *Conroy v. Reebok International, Ltd.*, 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c)." In reviewing a summary judgment ruling, this court draws all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This court reviews the district court's statutory interpretation, a legal issue, without deference. *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1382, 49 USPQ2d 1144, 1146 (Fed.Cir.1998).

■ This court first considers the district court's determination on summary judgment that Porta Systems did not infringe under § 271(a) by testing Battscan components within the United States. Section 271(a) states, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." This court has established that testing is a use of the invention that may infringe under § 271(a). *Roche Prods. v. Bolar Pharm. Co.*, 733 F.2d 858, 863, 221 USPQ 937, 941 (Fed.Cir.1984), *superseded-in-part by* 35 U.S.C. § 271(e). Nevertheless, the infringer must use the "patented invention." 35 U.S.C. § 271(a). In addressing an alleged infringement of a patented combination in *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 529, 92 S.Ct. 1700, 32 L.Ed.2d 273, 173 USPQ 769, 773 (1972), the Supreme Court stated:

> No wrong is done the patentee until the combination is formed. His monopoly does not cover the manufacture or sale of separate elements capable of being, but never actually, associated to form the invention. Only when such association is made is there a direct infringement of his monopoly, and not even then if it is done outside the territory for which the monopoly was granted.

Because Porta Systems tested only components of the Battscan combination within the United States, it did not use the claimed invention and did not infringe under § 271(a).

In *Paper Converting Machine Co. v. Magna–Graphics Corp.*, 745 F.2d 11, 19–20, 223 USPQ 591, 597 (Fed.Cir.1984), this court recognized an infringement where the party tested all components necessary to meet the claim limitations and shipped them to customers, but did not assemble

them until after the patent expired. This court stated:

> Where ... significant, unpatented assemblies of elements are tested during the patent term, enabling the infringer to deliver the patented combination in parts to the buyer, without testing the entire combination together as was the infringer's usual practice, testing assemblies can be held to be in essence testing the patented combination and, hence, infringement.

*Id.* This court distinguished *Deepsouth* as concerned primarily with "giving extraterritorial effect to United States patent protection." *Id.* at 17. *Paper Converting Machine*, on the other hand, addressed enforcement of a patent beyond its expiration. This court thus held "that the expansive language used in *Deepsouth* is not controlling in the present case." *Id.* Like *Deepsouth*, this case presents the possibility of giving United States patent protection extraterritorial effects. Like the accused infringer in *Deepsouth*, Porta Systems exported components for assembly in a foreign country. *See Deepsouth*, 406 U.S. at 523–24, 92 S.Ct. 1700. Accordingly, the analysis of *Deepsouth* controls in this case.

Because Porta Systems tested within the United States only components without patent protection, *Deepsouth* dictates that Porta Systems has not infringed the '929 patent under § 271(a). Accordingly, this court affirms the district court's summary judgment under § 271(a).

### III.

·In denying Waymark's motion for reconsideration, which was based on its new argument that Porta Systems infringed under § 271(f)(2), the district court stated:

> Plaintiffs' motion fails to offer any new evidence which shows that an infringing product was ever made, used, sold or offered for sale, either inside or outside the United States, between July 5, 1998 and August 27, 1998. Consequently, Plaintiffs' argument that Defendant contributed to the infringement of the '929 patent in suit under 35 U.S.C. § 271(f)(2) by shipping components to Mexico is without merit. There can be no contributory infringement without the fact or intention of direct infringement.

*Recons. Decision,* slip op. at 1–2. While purporting to deny Waymark's reconsideration motion, the district court proceeded to reconsider summary judgment and rule on Waymark's new argument under § 271(f)(2). Based on its consideration of the merits of that argument, the trial court determined that summary judgment was still proper because Porta Systems had not "made, used, sold, or offered for sale" an infringing product. *Id.* at 1. The district court construed § 271(f)(2) to require actual assembly of an infringing product. *Id.*

Thus, to address the district court's summary judgment, this court must determine whether § 271(f)(2) requires actual combination or assembly of shipped components. Section 271(f)(2) states:

> Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and *intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.*

35 U.S.C. 271(f)(2) (emphasis added). On its face, 271(f)(2) requires that the infring-

er only intend[ ] that such component will be combined. At no point does the statutory language require or suggest that the infringer must actually combine or assemble the components. A party can intend that a shipped component will ultimately be included in an assembled product even if the combination never occurs.

Also, 271(f)(2) does not incorporate the doctrine of contributory infringement. Section 271(f)(2) states that whoever meets its requirements shall be liable as an infringer. In contrast, 271(c), a contributory infringement subsection, states that whoever meets its requirements shall be liable as a *contributory* infringer (emphasis added), thereby making infringement under 271(c) dependent on an act of direct infringement. Thus, title 35 does make some acts of indirect infringement dependent on a separate act of direct infringement, but 271(f)(2) does not include language with that meaning. Accordingly, the statutory language in this section does not require an actual combination of the components, but only a showing that the infringer shipped them with the intent that they be combined.

The history of the enactment of 271(f)(2) also does not show that the statutory language requires actual combination of shipped components. Although the legislative history accompanying enactment of 271(f)(2) suggests that this section was a response to the *Deepsouth* decision, *see, e.g.,* S.Rep. No. 98–663, at 2–3 (1984), this history does not address whether 271(f)(2) requires actual assembly. Without requiring actual assembly of shipped components, 271(f)(2) already requires a result different from the *Deepsouth* decision. Moreover isolated comments about assembly in reference to 271(f)(2) do not address actual, as opposed to intended, combination. *See, e.g.,* 130 Cong. Rec. H28069 (1984) (Subsection 271(f) makes it an infringement to supply components of a patented invention, or to cause components to

be supplied, that are to be combined outside the United States.).

Porta Systems argues that 271(f)(2) impermissibly creates liability for attempted patent infringement. However, shipping components of an invention abroad without combining them is no more an attempt than offering to sell an invention without actually selling it. *See* 35 U.S.C. 271(a) (Except as otherwise provided in this title, whoever without authority ... offers to sell ... any patented invention, within the United States ... during the term of the patent therefor, infringes the patent.). Admittedly, infringement without a completed infringing embodiment is not the norm in patent law, but it is reasonable in the context of 271(f)(2). If 271(f)(2) required actual assembly abroad, then infringement would depend on proof of infringement in a foreign country. This requirement would both raise the difficult obstacle of proving infringement in foreign countries and pose the appearance of "giving extraterritorial effect to United States patent protection." *Paper Converting Mach.,* 745 F.2d at 17. Thus, the language of 271(f)(2) addresses the implications of extraterritorial enforcement consistently. The statute does not require actual assembly. Accordingly, the district court erred by holding that 271(f)(2) required an actual combination of shipped components.

Porta Systems argues that even if 271(f)(2) does not require actual combination of the components, Waymark has not provided sufficient proof to create a genuine issue of material fact regarding infringement under 271(f)(2). Having concluded that Porta Systems did not combine the components of the '929 patent, the district court did not address the remaining requirements of 271(f)(2). This court declines to address issues not decided by the district court. Rather, this court va-

cates the district courts summary judgment under 271(f)(2) and remands for further proceedings.

### CONCLUSION

Because the district court correctly granted summary judgment that Porta Systems did not infringe the '929 patent under § 271(a), this court affirms that partial summary judgment. However, because the district court reconsidered summary judgment and relied on an erroneous statutory construction in entering summary judgment under § 271(f)(2), this court vacates that partial summary judgment and remands for the district court to reconsider § 271(f)(2).

### COSTS

Each party shall bear its own costs.

*AFFIRMED–IN–PART, VACATED–IN–PART and REMANDED.*