**WAYMARK CORPORATION
and Caravello Family LP,
Plaintiffs–Appellants,**

**and**

**Joseph J. Zito and Alexander
B. Rotbart, Sanctioned
Parties–Appellants,**

**v.**

**PORTA SYSTEMS CORPORATION,
Defendant–Appellee.**

**No. 03–1012.**

United States Court of Appeals,
Federal Circuit.

July 10, 2003.

Joseph J. Zito, of Damascus, MD, argued for plaintiffs-appellants and sanctioned parties-appellants.

Charles R. Hoffmann, Hoffmann & Baron, LLP, of Syosset, NY, argued for defendant-appellee. With him on the brief was Kevin E. McDermott.

Before NEWMAN, RADER, and DYK, Circuit Judges.

DYK, Circuit Judge.

The Waymark Corporation, Caravello Family LP, Joseph J. Zito, and Alexander Rotbart (collectively "appellants" or "plaintiffs") appeal an order by the District Court for the Southern District of Florida imposing sanctions in the form of an award of attorneys' fees. We reverse.

## BACKGROUND

This case was previously before us on the merits.. We held that summary judgment was properly granted for the defendant with respect to the plaintiffs' claim of patent infringement under 35 U.S.C. § 271(a) but improperly granted as to the claim of infringement under 35 U.S.C. § 271(f)(2); we therefore affirmed on the first issue and remanded on the second. *Waymark Corp. v. Porta Sys. Corp.*, 245 F.3d 1364, 1365, 58 USPQ2d 1456, 1457 (Fed.Cir.2001). The case now comes to us for a second time on the issue of sanctions.

## I

The complaint in this action was filed in August of 1998 in the United States District Court for the Southern District of Florida. There were two separate plaintiffs, the Waymark Corporation and the Caravello Family Limited Partnership ("the partnership"). The complaint named Porta Systems Corp. ("Porta Systems") as the sole defendant. Count I sought damages for infringement of U.S. Patent No. 5,705,929 ("the '929 patent"). Count II sought damages and an injunction for trademark and trade dress infringement based on the alleged infringement of the trademark "Battscan" and for the use of distinctive trade dress. The complaint alleged that "[t]he BATTSCAN name is identified with Plaintiffs and the BATT-SCAN products have a distinctive trade dress, identifying Plaintiffs as the source of these products." (Compl. at 6.) The complaint did not allege that the trademark was registered.[1]

The complaint alleged that the partnership was the "owner of [the '929 patent] and related technology, know-how and good will, as assignee from Ellen Caravello[.]" *Id.* at 2. It further alleged that "Waymark is the exclusive licensee of the '929 patent." *Id.* at 3.

### A. The Merits Issues

On September 1, 1999, the plaintiffs moved for summary judgment of infringement on the patent count. On September 27, 1999, Porta Systems cross-moved for summary judgment of non-infringement on the patent count. On November 4, 1999, Porta Systems moved for dismissal and summary judgment on the ground that the plaintiffs lacked standing with respect to both the patent and trademark counts.

On February 25, 2000, the district court granted summary judgment for Porta Systems on the patent count (for lack of infringement) and on the trademark and trade dress count (for lack of standing) in an Omnibus Order. *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8545–Civ, slip op. at 15, 22 (S.D.Fla. Feb. 25, 2000) ("Omnibus Order"). It considered patent infringement only under 35 U.S.C. § 271(a). That section provided that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a) (2000). The district court found § 271(a) inapplicable because there was no evidence that Porta Systems ever produced an infringing device after the assignment to the partnership was made. The court noted that the plaintiffs had produced exhibits that indicated that Porta Systems had produced and shipped some components that, if assembled, would infringe claim 1 of the '929 patent, but that these exhibits did not indicate "that an assembled Battscan device was ever made by Porta Systems." *Id.* at 13. The court dismissed the trademark count for lack of standing because "the trademark for the name Battscan was registered [with the Patent and Trademark Office] by Plaintiff Waymark on September 14, 1999, more than one year after Plaintiffs filed their Complaint alleging trademark infringement." *Id.* at 21.

The plaintiffs timely moved for reconsideration, apparently for the first time specifically asserting that Porta Systems had infringed under 35 U.S.C. § 271(f)(2) by shipping to Mexico components that, if assembled, would infringe the patent.[2] On

---

1. There were also state law claims that were subsequently dismissed. Because they are not relevant to the appeal, no further mention will be made of them.

2. Section 271(f)(2) provides:
 Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented inven-

April 11, 2000, the district court denied the plaintiffs' motion, holding that "[t]here can be no contributory infringement [under 35 U.S.C. § 271(f)(2) ] without the fact or intention of direct infringement." *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8545–Civ, slip op. at 2 (S.D.Fla. Apr. 11, 2000). The plaintiffs timely appealed to this court solely on the issue of patent infringement under §§ 271(a) and 271(f)(2). On appeal the plaintiffs did not challenge the grant of summary judgment as to the trademark and trade dress count.

On April 6, 2001, we held that the district court had properly granted summary judgment on infringement under § 271(a) because that section requires assembly, or a nearly complete testing assembly, within the United States, which had not occurred. *Waymark Corp. v. Porta Systems Corp.*, 245 F.3d at 1366–67, 58 USPQ2d at 1458–59. On infringement under § 271(f)(2), however, we held that summary judgment was improperly granted because, contrary to the district court's interpretation of that section, actual combination or assembly of the components by the alleged infringer was not required. *Id.* at 1368, 245 F.3d 1364, 58 USPQ2d at 1459. "[T]he statutory language in this section does not require an actual combination of the components, but only a showing that the infringer shipped them with the intent that they be combined." *Id.* Because the district court had granted summary judgment on the lack of combination alone, we vacated and remanded with respect to the claims under § 271(f)(2), while affirming summary judgment of the claims under § 271(a). *Id.* at 1369, 58 USPQ2d at 1460. We denied Porta Systems' request for sanctions against the plaintiffs for bringing the appeal.

On October 12, 2001, the district court held a hearing on the remanded infringement claim and gave the appellants an additional ninety days of discovery on the issue of infringement under § 271(f)(2). The district court cautioned during the hearing that it "ha[d] a serious question about this [infringement under § 271(f)(2) ], I think you are running the risk of taking one sanction position and making it worse, but that's up to you." On January 17, 2002, the appellants filed a Stipulation of Voluntary Dismissal, which the district court entered on January 25, 2002.

### B. The Sanctions Issues

On March 5, 2001, while the appeal to this court was still pending, the district court granted Porta Systems' motion for sanctions in the form of attorneys' fees but did not set the amount. *Waymark Corp. v. Porta Sys.*, No. 98–8545–Civ, slip op. at 2–3 (S.D.Fla. Mar. 5, 2001). The court explained that it was granting the motion for three reasons: (1) the trademark for the name "Battscan" not having been registered until more than a year after suit was filed, there was no basis for the claim of trademark infringement; (2) there was no written exclusive patent license agreement from the partnership to Waymark "as required under 35 U.S.C. § 261, and thus Waymark did not have standing to file suit for infringement of the '929 patent"; and (3) the appellants "provided a misleading response to Defendant's docu-

---

tion that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 371(f)(2) (2000).

ment request and the Court's order to show cause [portion of the Omnibus Order] with regard to the legally insufficient oral agreement" to license the patent. *Id.* at 2.[3] Apparently based on the first two findings, the court concluded that "had Plaintiffs conducted a proper pre-filing investigation, Defendant would not have incurred the substantial attorney[s'] fees and costs it now claims." *Id.* The court held that the case was "exceptional" under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285, and that "Plaintiffs' attorneys have unreasonably and vexatiously multiplied the proceedings in this case in violation of 28 U.S.C. § 1927." *Id.* at 3.

On January 29, 2002, after our disposition of the patent appeal, the district court entered a second sanctions order. *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8548–CV (Jan. 29, 2002), slip op. at 7 ("Sanctions Order"). In the order, the district court reaffirmed its earlier sanctions order, recapitulating the bases for sanctions under 15 U.S.C. § 1117(a), 35 U.S.C. § 285, and 28 U.S.C. § 1927. *Id.* The district court made no mention of our decision on appeal with respect to the patent claims.

The court later awarded a sanction of $44,000, which represented the court's determination of the "reasonable attorneys['] fees and costs due to Plaintiffs' continued pursuit of its claims for which no basis for recovery existed." *Waymark Corp. v. Porta Sys. Corp.*, No. 98–8545–CIV, slip op. at 4–5 (S.D.Fla. Sept.5, 2002). This amount was assessed against the Caravello Family LP, Waymark, and their lawyers, and was not apportioned. The Caravello Family LP, Waymark, and the sanctioned counsel timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

### I

When applying 35 U.S.C. § 285, we follow our own law, as it is a patent statute. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359, 51 USPQ2d 1466, 1468 (Fed.Cir.1999); *Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 563, 39 USPQ2d 1090, 1099 (Fed.Cir.1996), *cert. denied Klayman & Assocs., P.C. v. Baldwin Hardware Corp.*, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 251 (1996). With regard to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1927, as neither is intimately related to patent law, we apply the law of the regional circuit, here the Eleventh Circuit. *Baldwin Hardware*, 78 F.3d at 563, 39 USPQ2d at 1099; *see also Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1328, 55 USPQ2d 1569, 1577 (Fed.Cir.2000), *cert. denied, Hunt Mfg. Co. v. Fiskars, Inc.*, 532 U.S. 972, 121 S.Ct. 1603, 149 L.Ed.2d 469 (2001).

We will first consider whether sanctions against Waymark and the partnership were appropriate under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), as the district court provided the same bases for both, and then whether sanctions against the plaintiffs' attorneys personally were appropriate under 28 U.S.C. § 1927.

### II

A. Attorneys' Fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a)

 Section 285 provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2000). We have held that "[t]he determination of whether a case is exceptional and, thus, eligible for an award

---

**3.** In the Omnibus Order, the district court also chastised the plaintiffs for failing to produce the trademark registration and patent assignment in a timely manner, but neither failure formed a basis for sanctions. Omnibus Order at 19.

of attorney fees under § 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460, 46 USPQ2d 1169, 1178 (Fed.Cir.1998) (en banc) (internal citations omitted). The second step is that "the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion." *Id.* We review the factual determination that the case is exceptional for clear error and the underlying legal conclusions without deference. *Rambus Inc. v. Infineon Techs. Ag*, 318 F.3d 1081, 1088, 65 USPQ2d 1705, 1709 (Fed.Cir.2003).

 Section 1117(a) provides that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (2000). The Eleventh Circuit has explained that under § 1117(a) "a court should only award attorney fees in cases characterized as malicious, fraudulent, deliberate, and willful." *Dieter v. B & H Indus. of Southwest Fla., Inc.*, 880 F.2d 322, 329, 11 USPQ2d 1721, 1726 (11th Cir.1989) (internal citation omitted), *cert. denied, B & H Indus. of Southwest Fla., Inc. v. Dieter*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 332 (1990). An award of fees under this provision is reviewed for abuse of discretion. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205, 59 USPQ2d 1894, 1904 (11th Cir.2001).

In applying these provisions a district court must be careful not to award sanctions based on a misunderstanding of the governing law, and we must carefully review an award of sanctions to ensure that this has not occurred. This court has cautioned that "[a] district court abuses its discretion when its decision is based ...

on erroneous interpretations of the law[.]" *Cybor Corp.*, 138 F.3d at 1460, 46 USPQ2d at 1178. The Eleventh Circuit has likewise said that in attorneys' fees cases a district court abuses its discretion when it applies a legally erroneous standard. *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1320, 60 USPQ2d 1468, 1479 (11th Cir.2001); *see also Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1504, 226 USPQ 879, 880 (11th Cir.1985). We conclude that ᵗʰⁱ̇ˢ occurred in this case, and accordingly reverse the award of sanctions.

Despite its general statements that the suit was "baseless," brought in "bad faith," and without "a proper pre-filing investigation," Sanctions Order at 3, the district court relied on three specific bases to support its award of sanctions. The district court's first ground for awarding sanctions was that at the time the plaintiffs commenced this action for trademark infringement they did not have a federally registered trademark. Rather, "the trademark for the name Battscan was registered by Plaintiff Waymark on September 14, 1999, more than one year after Plaintiffs filed their complaint alleging trademark infringement." *Id.*[4] But the complaint here evidently sought relief under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), which provides a remedy for infringement of both registered and unregistered trademarks. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992); *Planetary Motion, Inc.*, 261 F.3d at 1193, 59 USPQ2d at 1897. The plaintiffs alleged in their original complaint that "[t]he BATTSCAN name is identified with Plaintiffs and the BATTSCAN products have a distinctive trade dress, identifying Plaintiffs as the source of these products," (Compl. at 6), *i.e.*, that

---

4. In the Omnibus Order, the district court explained the related finding that Ellen Caravello remained the owner of the Battscan name so that Waymark's trademark application was allegedly improper. Omnibus Order at 5, 20.

they attained trademark rights as a result of use. They did not allege registration and admitted in interrogatories that the trademark was not registered under federal law. In opposing Porta Systems' motion for summary judgment or dismissal for lack of standing, the plaintiffs noted, "Attached hereto, as Exhibit B, is a true and correct copy of Federal Trademark Registration 2,277,975 for BATTSCAN issued September 14, 1999 to Waymark Corporation." The unarticulated theory apparently was that the federal mark was evidence of prior use. (Appellants' Br. at 39–40.) There has been no showing that the claimed use of the unregistered trademark could not form the basis for a proper Lanham Act claim, since the plaintiffs alleged that the mark was distinctive and identified with them. *See Planetary Motion,* 261 F.3d at 1195, 59 USPQ2d at 1897 (use of unregistered mark sufficient for Lanham Act suit when there is "[e]vidence showing, first, adoption, and second, use in a way sufficiently public to identify or distinguish the market goods in an appropriate segment of the public mind as those of the adopter of the mark") (internal citation omitted). The district court's award of sanctions was thus based on a misunderstanding of the governing law. The award of sanctions on this ground cannot stand.

■ Second, the district court awarded sanctions on the ground that "no written exclusive patent license agreement from [the partnership] to Waymark existed as required under 35 U.S.C. § 261, and thus Waymark did not have standing to allege infringement of the '929 patent." Sanctions Order at 3. This is not a correct statement of the law, and on appeal Porta Systems does not even seek to support the award of sanctions on this ground. Only assignments need be in writing under 35 U.S.C. § 261. Licenses may be oral. *Enzo APA & Son v. Geapag A.G.,* 134 F.3d 1090, 1093, 45 USPQ2d 1368, 1371 (Fed.Cir.1998). Waymark allegedly had

an oral license from Ellen Caravello. It is true that only in extremely limited circumstances can the holder of an oral transfer of patent rights sue for infringement in its own name. *Id.* However, the partnership claimed a written assignment of the patent. Under such circumstances, the partnership had standing to bring the action, and it was permissible to join Waymark as a plaintiff under the alleged oral exclusive license. *Id.; see also Mentor H/S, Inc. v. Med. Device Alliance, Inc.,* 240 F.3d 1016, 1017, 57 USPQ2d 1819, 1820 (Fed.Cir. 2001); *Ortho Pharm. Corp. v. Genetics Inst., Inc.,* 52 F.3d 1026, 1030, 34 USPQ2d 1444, 1446 (Fed.Cir.), *cert. denied,* 516 U.S. 907, 116 S.Ct. 274, 133 L.Ed.2d 195 (1995). Sanctions were improperly awarded on the ground of a supposed lack of standing.

■ Third, the district court relied on the plaintiffs' "misleading responses to Defendant's document request and the Court's order to show cause with regard to the legally insufficient oral [patent] agreement." Sanctions Order at 3. The document request sought: "All documents relating to the licensing of the patent, trademark or trade dress rights, or unpatented know-how, by the Plaintiffs for the system described in the '929 patent or any product referred to as 'Battscan.' " It is agreed that there was no written assignment. Obviously sanctions cannot be based on the failure to produce a document that did not exist. Nor has it been shown that the plaintiffs submitted a misleading response to the show-cause order. The complaint did not allege that Waymark possessed a written assignment from the partnership; the district court did not identify any misleading responses with regard to the oral license; and on appeal we have not been directed to any misleading response on that issue. Sanctions also

could not properly be imposed on this ground.

As none of the bases for sanctions under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) was sound, the award of sanctions under these provisions must be set aside.

### B. Sanctions under 28 U.S.C. § 1927

■■■ The district court also assessed sanctions on the appellants' lawyers personally under 28 U.S.C. § 1927, which provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Supreme Court has explained that this provision "is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). The Eleventh Circuit has held that § 1927, "being penal in nature, must be strictly construed." *Peterson v. BMI Refractories,* 124 F.3d 1386, 1395 (11th Cir.1997). Section 1927 "is not a 'catch all' provision designed to serve as a basis for sanctioning any and all conduct courts want to discourage." *Id.* at 1396. The Eleventh Circuit has held that § 1927 "allows" attorneys' fees to be assessed against counsel "who willfully abuse the judicial process by conduct tantamount to bad faith." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir.1993) (internal quotation omitted). Sanctions imposed under 28 U.S.C. § 1927 are reviewed for abuse of discretion. *McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001), *am. on reh'g on separate grounds,* 311 F.3d 1077 (11th Cir.2002).

The district court supported its award of sanctions under § 1927 on the same

grounds that it imposed sanctions under 15 U.S.C. § 1117(a) and 35 U.S.C. § 285. We have found that those grounds do not support an award of sanctions under those provisions. Similarly those grounds cannot support an award of sanctions under § 1927. The district court relied on one additional ground for imposing sanctions under § 1927: that "Plaintiffs['attorneys'] filed a motion for summary judgment that was unsupported by record evidence of patent or trademark infringement." Sanctions Order at 4. The attorneys "had no basis to allege patent or trademark infringement due to their [clients'] lack of standing, and due to their [clients'] complete lack of proof." *Id.* The plaintiffs filed a motion for partial summary judgment only with respect to the patent count, and not with respect to the trademark and trade dress count. The plaintiffs simply opposed Porta Systems' motion for dismissal of the trademark and trade dress count on the ground of lack of standing. Even assuming that the district court was referring to both the plaintiffs' summary judgment motion and the opposition, there was no basis for sanctions under § 1927. We held in *Waymark* that the appellants had a legal basis for alleging patent infringement under § 271(f)(2). *Waymark,* 245 F.3d at 1369, 58 USPQ2d at 1460. The appellants also had a colorable argument for infringement under § 271(a). We noted in our opinion in *Waymark* that there was language in an earlier case that suggested that final assembly was not required for infringement under § 271(a), but we ultimately held to the contrary in this context. *Id.* at 1367–68, 58 USPQ2d at 1459–60. In addition, in denying sanctions we determined that the appeal, and hence the legal theory of the claims, was not frivolous. The filing of the summary judgment motion for patent infringement provided no basis for sanctions. The lack of standing with respect to trademark in-

fringement also did not merit sanctions under § 1927, even though the plaintiffs' briefing on the standing issue was virtually non-existent. As already discussed, the district court was incorrect in its assumption that the plaintiffs lacked standing as a legal matter. Moreover, even if a clear lack of merit had been established, "[s]omething more than a lack of merit is required[.]" *McMahan*, 256 F.3d at 1129. There was no showing that the plaintiffs' litigation tactics were vexatious or in bad faith. Accordingly, this lack of merit by itself cannot serve as a basis for sanctions under § 1927.

## III

Since the district court's grounds for awarding sanctions must each be set aside, we reverse the award of sanctions against the plaintiffs. By doing so we intend no criticism of the district court. The appellants' briefing of this entire matter before the district court was at best confusing. Porta Systems must bear responsibility for seeking sanctions on grounds that were not sustainable. The defendant would have better spent its time in addressing the merits of the suit rather than pursuing an award of sanctions on untenable theories.

## CONCLUSION

For the foregoing reasons, we reverse.

*REVERSED.*

COSTS.

To appellants.