NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1334

GOLDEN EAGLE USA, LLC,

Plaintiff,

v.

CONSOLIDATED INDUSTRIAL CORPORATION
(doing business as St. Clair Plastics Company),

Defendant-Appellee,

and

HOLLINGSWORTH LOGISTICS MANAGEMENT, L.L.C.,
HOLLINGSWORTH LOGISTICS GROUP, L.L.C.,
HOLLINGSWORTH, INC., AND WADE R. WATERMAN,

Defendants,

RESTROOM ESSENTIALS, L.L.C.,

Defendant,

and

RICK WRIGHT,

Defendant-Appellant.

—————————————

DECIDED: January 4, 2006

—————————————

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Defendant-Appellant Rick Wright appeals the decision of the United States District Court for the Eastern District of Michigan compelling this case to arbitration. Golden Eagle USA, LLC v. Consol. Indus. Corp., No. 03-70229, slip op. (E.D. Mich. Aug. 25, 2003) ("District Court Opinion"). Defendant-Appellee Consolidated Industrial Corporation (doing business as St. Clair Plastics Company) ("Consolidated") argues that the district court lacked jurisdiction in the case because Plaintiff Golden Eagle USA, LLC ("Golden Eagle") did not hold "all substantial rights" in the patent at issue, U.S. Patent No. 6,446,275 (the "'275 patent"). Because it does appear that Golden Eagle may not have standing to sue for patent infringement, we vacate the order to arbitrate and remand the case to the district court so that it may make a determination as to Golden Eagle's standing to sue.

## DISCUSSION

### I.

Golden Eagle sued several defendants, including Consolidated and Wright, alleging various state and federal causes of action. All state law claims were dismissed by the district court, leaving only claims for infringement of the '275 patent and violation of the Lanham Act (based upon alleged unfair competition and false representation). District Court Opinion, slip op. at 6. The district court granted the motion of Defendants Hollingsworth Logistics Management, L.L.C., Hollingsworth Logistics Group, L.L.C., and Hollingsworth, Inc. to compel arbitration, despite the fact that many defendants being

05-1334                                    2

compelled to arbitration were not signatories to the contract which contained the relevant arbitration agreement.

II.

In his appeal, Wright argues that the district court's decision should be vacated to the extent that it requires him to arbitrate any claims that he may have against any of the other parties to the litigation. Wright complains that the court impermissibly bound him to an arbitration agreement to which he was not a signatory. For its part, Consolidated asserts that the license agreement at issue reserved the right to the licensors to bring an action for infringement, while this suit was brought in Golden Eagle's capacity as the licensee. Consolidated contends that, under these circumstances, the district court did not have subject matter jurisdiction over the patent infringement claim because Golden Eagle was without standing to bring the claim, the reason being that it did not hold "all substantial rights" in the '275 patent. The district court failed to resolve this jurisdictional challenge before ordering arbitration of the patent infringement claim.

III.

Standing to assert a patent infringement claim is a jurisdictional requirement that must exist before a tribunal can address the merits of the claim. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551 (Fed. Cir. 1995) (stating that "the question of standing to sue is a jurisdictional one"). "Only a 'patentee' can bring an action for patent infringement." Mentor H/S, Inc. v. Med. Device Alliance, Inc., 240 F.3d 1016, 1017 (Fed. Cir. 2001); 35 U.S.C. § 281 (2000). The term "patentee" is defined as including "not only the patentee to whom the patent was issued but also the successors in title to

the patentee." 35 U.S.C. § 100(d) (2000). "A licensee is not entitled to bring suit in its own name as a patentee, unless the licensee holds 'all substantial rights' under the patent." Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1484 (Fed. Cir. 1998). If a licensee possesses "all substantial rights," the licensee effectively becomes an assignee and, therefore, a "patentee" within the meaning of section 281. Mentor H/S, 240 F.3d at 1017. "Ordinarily, 'an exclusive licensee that does not have all substantial rights has standing to sue third parties only as a co-plaintiff with the patentee.'" Id. (quoting Textile Prods., 134 F.3d at 1484). "Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances 'as where the patentee is the infringer, and cannot sue himself.'" Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1030 (Fed. Cir. 1995) (quoting Waterman v. Mackenzie, 138 U.S. 252, 255 (1891)).

Consolidated alleges that the license agreement reserved the right to the licensors to bring an action for patent infringement and further alleges that Golden Eagle sued only in its capacity as a licensee. Because Golden Eagle has not appeared on appeal to justify its entitlement to sue, the matter is remanded to the district court to make findings with respect to the issue of standing. To determine whether the license agreement did or did not transfer "all substantial rights" in the patent, the district court must "ascertain the intention of the parties and examine the substance of what was granted by the agreement." Mentor H/S, 240 F.3d at 1017. The case is remanded to the

district court for that purpose.[1]  Should the district court determine on remand that Golden Eagle does not have standing to bring this patent infringement action, it must dismiss the complaint.  If the complaint is dismissed, the court obviously does not have the authority to compel arbitration.

Each party shall bear its own costs.

---

[1]  Because Golden Eagle's Lanham Act claim alleges that the Defendants are manufacturing and selling products that simulate and contain distinctive design features of the '275 patent, if the district court dismisses the patent infringement claim, it must also determine whether the Lanham Act claim can survive independently.